**NOT FOR PUBLICATION**

MAR 07 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRYL HUBBARD, | |
| Plaintiff-Appellant, | No. 10-17217 |
| v. | D.C. No. 2:09-cv-939-JAM-GGH |
| C.D. HOUGHLAND and D.K. MBRIDE, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted February 16, 2011
San Francisco, California

Before: TASHIMA and SILVERMAN, Circuit Judges, and ADELMAN, District
Judge.[**]

Darryl Hubbard filed this lawsuit under 42 U.S.C. § 1983 against two

correctional officers at High Desert State Prison, alleging that they used excessive

force against him. A magistrate judge recommended that the defendants' motion to

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Lynn S. Adelman, District Judge for the United States
District Court for the Eastern District of Wisconsin, sitting by designation.

dismiss for failure to exhaust administrative remedies be granted, *see* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), and the district judge adopted the magistrate's recommendation. Hubbard appeals, arguing that the district court erred by granting the defendants' motion to dismiss without holding an evidentiary hearing.

We reverse. Hubbard filed a declaration stating that he submitted an administrative grievance relating to the incident that gave rise to his suit on July 13, 2008. If this statement is true, Hubbard cannot be deemed to have failed to exhaust the administrative remedies that were available to him. However, the district court, without holding an evidentiary hearing, determined that Hubbard's statement was not credible. In making this credibility determination without holding an evidentiary hearing, the district court abused its discretion. *See United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992) (stating that although Fed. R. Civ. P. 43 gives district court wide discretion in deciding whether to take oral testimony, "[w]here factual questions not readily ascertainable from the declarations of witnesses or questions of credibility predominate, the district court should hear oral testimony"); *United States v. Ridgway*, 300 F.3d 1153, 1155–57 (9th Cir. 2002) (holding that "a district court errs when it does not conduct a de novo evidentiary hearing if it rejects the credibility finding of a magistrate judge who recommends the granting of a motion to suppress"); 8 James Wm. Moore, *Moore's Federal Practice*

2

– *Civil* § 43.05[2] (3d ed. 2012) ("A district court has considerable discretion to decide Rule 43(c) motions solely on the basis of affidavits or to take oral testimony at a hearing, but when questions of fact or credibility predominate, the district court should hear oral testimony; a failure to do so is likely to be considered an abuse of discretion."). The district court concluded that an evidentiary hearing would not have been useful because it would have involved nothing more than the parties' reiterating the positions that they had already stated in their briefs. However, one of the purposes of an evidentiary hearing is to "enable[] the finder of fact to see the witness's physical reactions to questions, to assess the witness's demeanor, and to hear the tone of the witness's voice." *United States v. Mejia*, 69 F.3d 309, 315 (9th Cir. 1995). All of this assists the finder of fact in evaluating the witness's credibility. *Id.*

In rare instances—instances in which it is possible to "conclusively" decide credibility based on documentary testimony and evidence in the record—credibility may be determined without an evidentiary hearing. *Earp v. Ornoski*, 431 F.3d 1158, 1169–17 (9th Cir. 2005). However, the record in the present case did not conclusively show that Hubbard's statement that he filed a grievance on July 13, 2008, was not credible. The district court offered two reasons for finding Hubbard incredible: (1) Hubbard had copies of other grievances that were processed by the prison, but not the one he claims he filed on July 13, 2008; and (2) Hubbard did not mention the fact that he had filed prior grievances relating to the incident when he filed another (untimely)

3

grievance relating to that incident in August 2009. Neither of these facts is conclusive. As to the first, it is plausible that Hubbard only had copies of the grievances that the prison actually logged and processed because Hubbard did not make copies of his grievances before he filed them. In fact, Hubbard alleges that prison policy prohibited inmates from retaining copies of grievances, except those that had been file-stamped as received by prison authorities. The copies that Hubbard had were file-stamped copies that he received from the prison after the authorities had processed the grievances. If, as Hubbard alleges, the prison did not log or process the grievances relating to the incident, we would not expect him to have copies of those grievances. Thus, the absence of copies is consistent with Hubbard's version of events. As to the second reason, the grievance form does not ask an inmate to identify any prior grievances that he may have filed on the same matter. Although it is reasonable to think that Hubbard might have volunteered this information, it is equally reasonable to think that Hubbard simply saw no reason to do so. Thus, the failure to mention any earlier grievance in the August 2009 grievance is not conclusive.

The defendants argue that Hubbard waived or forfeited his right to an evidentiary hearing by not requesting one in the district court. However, the defendants had the burden to prove the facts that supported their failure-to-exhaust defense. *See Jones v. Block*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1112 (9th Cir. 2003). Hubbard stated in his declaration that he filed a timely

4

grievance, and if the defendants thought that he was lying, *they* should have requested an evidentiary hearing for the purpose of subjecting his statement to cross-examination. Hubbard was not required to request an evidentiary hearing for the purpose of repeating what he had already said under penalty of perjury in his declaration. When the district court decided that it would not accept the statements made in Hubbard's declaration as true, it should have held an evidentiary hearing even though no party had requested one.

Accordingly, we REVERSE the judgment of the district court and REMAND for an evidentiary hearing on exhaustion and such further proceedings as may be necessary on the merits of Hubbard's claims.